**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DWIGHT A. WILLIAMS,

       Plaintiff-Appellant,

v.

JODY BRADLEY, Individual and
official capacity; JOHN DOE,
Assistant Warden Thomas, Individual
and official capacity; DONALD
JACKSON, Assistant Warden, Official
and individual capacity; JOHN DOE,
Captain Scott, Official and individual
capacity; JOHN DOE, Security Officer
Cassida, Official and individual
capacity; OTIS D. SIMMONS,
Security officer, Official and
individual capacity; FIELDS, Officer,
Security officer, Official and
individual capacity; R. FUENTES,
Security Officer, Official and
individual capacity; J. VIDAURI,
Grievance Coordinator, Official and
individual capacity; P. SANDERS,
Grievance Coordinator, Official and
individual capacity; JANE DOE, Ms.
Bruener, Medical Director, Official
and individual capacity; AMY
LAMBERT, Nurse, Official and
individual capacity; JANE DOE, Ms.
McElroy, Official and individual
capacity; NANCY WHIPKEY,
Nurse, Official and individual
capacity; JANE DOE, Ms.
Calverley, Nurse, Official and

No. 04-6161
(D.C. No. 03-CV-47-R)
(W.D. Okla.)

individual capacity; JANE DOE, Ms. Kee, Nurse, Official and individual capacity; JOHN DOE, Dr. Basinger, Official and individual capacity; JOHN DOE, Dr. Pruess, Official and individual capacity; BRIAN LAMBERT,

Defendants-Appellees.

---

## ORDER AND JUDGMENT [*]

---

Before **KELLY, McKAY** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Dwight A. Williams, a prison inmate proceeding pro se, appeals the district court's adverse judgment on his claims brought pursuant to 42 U.S.C. § 1983. The district court adopted the report and recommendations of a magistrate judge, and granted summary judgment to some of the defendants and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

dismissed others under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. We affirm.

*I. Appellate Jurisdiction - Timely Notice of Appeal*

We first address the timeliness of Mr. Williams' appeal. The notice of appeal, due by May 6, 2004, was not filed until May 10, 2004. *See* Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal to be filed within 30 days of judgment). "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (further quotation omitted), *cert. denied*, 125 S. Ct. 624 (2004). An inmate confined in an institution may be entitled to the benefit of the prison mailbox rule, which provides that a notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). This court has jurisdiction if Mr. Williams' notice of appeal complies with Rule 4(c)(1) or "if he has subsequently filed a declaration or notarized statement that does." *Ceballos-Martinez*, 387 F.3d at 1143.

In response to this court's show cause order, Mr. Williams submitted a statement with attachments demonstrating that he placed his notice of appeal in the prison mail system on May 2, and that he authorized prepayment of postage from his prison account, prior to the deadline of May 6. His pleading includes a declaration under 28 U.S.C. § 1746 stating that the information is true and correct

under penalty of perjury. We conclude that Mr. Williams' statement conforms with our requirements to show that the notice of appeal was filed timely. *See Price v. Philpot*, 420 F.3d 1158, 1166-67 (10th Cir. 2005); *Ceballos-Martinez*, 387 F.3d at 1145. Accordingly, we have jurisdiction to consider Mr. Williams' appeal, and we proceed to the merits.

## *II. Merits*

Mr. Williams' first claim is based on his placement in administrative segregation after contraband was found in a visiting room he had used shortly before the discovery. He contends that defendants denied him his due process rights in placing him and keeping him in segregation. He further asserts that the conditions of his confinement there constituted cruel and unusual punishment. He next complains that his due process rights were again violated when he was placed in disciplinary segregation after having been found guilty of a misconduct charge. He also alleges that defendants were deliberately indifferent to his serious medical needs because of disputes over his medications. He further charges that his various administrative grievances were not treated properly, and that various defendants conspired to deprive him of his constitutional rights. [1]

---

[1] For the first time on appeal, Mr. Williams challenges the district court's dismissal, under § 1915(e)(2)(B)(ii), of his claims against four defendants who were served with process, but who did not file a responsive pleading in the district court. He also argues that he should have had more procedural

(continued...)

-4-

We review de novo both the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and its grant of summary judgment. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). We liberally construe Mr. Williams' pleadings because he is proceeding pro se. *Id.*

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the judgment substantially for the reasons stated in the magistrate judge's February 20, 2004 recommendation, as adopted by the district court, and for the reasons given by the district court in its April 6, 2004 order.

---

[1](...continued)
protections at his disciplinary hearing, but he did not present those arguments to the district court. These issues are deemed waived on appeal because they were not raised in the district court. *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003).

The district court granted Mr. Williams' motion to proceed on appeal without prepayment of costs and fees. Mr. Williams is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The jurisdictional show cause order is discharged. The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge