**F I L E D**

UNITED STATES COURT OF APPEALS

**June 6, 2007**

TENTH CIRCUIT

JOHN WESLEY PHILLIPS,

      Petitioner-Appellant,

  v.

DAVID C. MILLER,

      Respondent-Appellee,

  and

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondent.

No. 06-6292
(W.D. Oklahoma)
(D.C. No. CIV-05-1296-M)

**ORDER**

Before **KELLY**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

Proceeding *pro se* and *in forma pauperis*, John Wesley Phillips seeks a

certificate of appealability ("COA") from this court so he can appeal the district

court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing that no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA). Because

Phillips has not "made a substantial showing of the denial of a constitutional

right," this court **denies** his request for a COA and **dismisses** this appeal.[1]  *Id.* § 2253(c)(2).

An Oklahoma jury convicted Phillips of one count of first degree rape after two or more felonies, in violation of Okla. Stat. tit. 21, § 1114.  Phillips appealed his conviction, raising the following three arguments: (1) his Sixth Amendment rights were violated when the trial court admitted the preliminary hearing testimony of the victim, (2) the transcript of the victim's testimony from the preliminary hearing was improperly provided to the jury during deliberations, and (3) the evidence presented at trial was insufficient to support his conviction.  The Oklahoma Court of Criminal Appeals considered all three arguments on the merits but affirmed Phillips' conviction.

Phillips then filed an application for state post-conviction relief alleging (1) ineffective assistance of trial and appellate counsel, (2) the invalid use of prior convictions to enhance his sentence, (3) the withholding of exculpatory evidence by the prosecution, (4) the use of perjured testimony to obtain his conviction, and (5) prosecutorial misconduct.  The state district court denied Phillips relief on his claim of ineffective assistance of appellate counsel and concluded post-conviction review of Phillips' remaining claims was barred because he failed to raise the claims in his direct appeal.  The Oklahoma Court of Criminal Appeals affirmed

---

[1]Because Phillips complied with the prisoner mailbox rule, his appeal is timely.  *See Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005); *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).

the denial of post-conviction relief and rejected Phillips' additional argument the state district court erred by failing to hold an evidentiary hearing.

Phillips filed the instant § 2254 habeas petition on November 7, 2005. In his petition, Phillips raised all the claims he presented in both his direct appeal and his application for post-conviction relief. In addition, he asserted his due process rights were violated during the state post-conviction proceedings because the state court failed to hold an evidentiary hearing or appoint counsel to represent him. The district court addressed each of Phillips' claims in turn. First, the court concluded several of Phillips' claims were procedurally barred because he procedurally defaulted those claims in Oklahoma state court by not raising them in his direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The court concluded Phillips failed to show cause for the default and actual prejudice or, alternatively, that the failure to review the claims would result in a fundamental miscarriage of justice. *See id*. at 750. The district court addressed the merits of Phillips' claims that his appellate counsel was constitutionally ineffective but concluded he was not entitled to habeas relief on those claims because he had not established either deficient performance or prejudice under the test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Habeas relief was also denied on Phillips' claims that his due process rights were violated during the state post-conviction proceedings. The court also concluded Phillips could not obtain habeas corpus relief on his stand-alone claim

of actual innocence. *See LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001). The district court then applied the standard set out in *Crawford v. Washington*, 541 U.S. 36 (2004), to Phillips' Confrontation Clause claim, concluding the claim failed on the merits because Phillips had an adequate opportunity to cross-examine the victim during the preliminary hearing. As to the remaining claims, both of which were previously adjudicated by the Oklahoma state court on direct appeal, the district court applied the standard set forth in the Antiterrorism and Effective Death Penalty Act and concluded the state court's adjudication of those claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

This court cannot grant Phillips a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Phillips has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003). Phillips is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Phillips' application for a COA and appellate brief,[2] the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Phillips is not entitled to a COA. The district court's resolution of Phillips' claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Phillips has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Phillips' request for a COA and **dismisses** this appeal.

Entered for the Court
Elisabeth A. Shumaker, Clerk


By:
    Deputy Clerk

---

[2]In his appellate brief, Phillips raises several issues he did not present to the district court, including allegations of juror bias, ex parte communications between the trial judge and the prosecution, and cumulative error. He presents these issues in more detail in a supplemental brief which he seeks permission to file. This court does not address claims raised for the first time on appeal. *Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005). Phillips' motion to supplement his opening brief is **denied**.