**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEDADIAHA ASHBURN,

    Plaintiff - Appellant,

v.

JAMES JANECKA; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Defendants - Appellees.

No. 08-2152
(D.C. No. CIV-07-718-MV/CEG)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Jedadiaha Ashburn, a state prisoner appearing pro se,[1] seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Ashburn is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

denial of his motion filed under 28 U.S.C. § 2254. Applying this circuit's firm waiver rule, we deny his request for a COA and dismiss his appeal.

## I. Background

Mr. Ashburn filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his New Mexico state conviction. The magistrate judge to whom the matter was referred recommended that the petition be denied with prejudice because it was filed beyond the one-year time limit set forth in 28 U.S.C. § 2244(d)(1). Mr. Ashburn did not file an objection to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's recommendation and dismissed the case with prejudice. Mr. Ashburn appeals.

## II. Discussion

### A. Jurisdiction

We must first address the timeliness of Mr. Ashburn's appeal. Judgment was entered on May 29, 2008, which means the notice of appeal was due by June 30, 2008. *See* Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal to be filed within 30 days of judgment). However, the notice of appeal was docketed as filed on July 3, 2008. The notice did not have a certificate of service, and the postmark on the envelope containing the notice was for July 1, 2008.

"The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir.

2004) (internal quotation marks omitted). "[W]e have subject-matter jurisdiction only if [Mr. Ashburn's] notice of appeal comports with the provisions of Fed. R. App. P. 4(c)(1) or if he has subsequently filed a declaration or notarized statement that does." *Id.* The Rule states:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1).

In response to a jurisdictional show cause order issued by this court, Mr. Ashburn filed a declaration under 28 U.S.C. § 1746 stating that he placed the notice in the prison mail system on June 30, 2008, that he pre-paid first class postage, and that he was making the declaration under penalty of perjury. We conclude that Mr. Ashburn's declaration conforms with our requirements to show that the notice of appeal was timely filed. *See Price v. Philpot*, 420 F.3d 1158, 1166-67 (10th Cir. 2005).

## B. Waiver

Mr. Ashburn did not file an objection to the magistrate judge's report and recommendation. We have adopted a firm waiver rule under which "a party who fails to make a timely objection to the magistrate judge's findings and

recommendations waives appellate review of both factual and legal questions."

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). While there

are two exceptions to the firm waiver rule's procedural bar, we conclude that Mr.

Ashburn does not qualify under either of them.[2]

The first exception applies when the pro se litigant "has not been informed

of the time period for objecting and the consequences of failing to object." *Id.*

However, the magistrate judge in this case properly warned Mr. Ashburn that a

failure to file an objection would preclude appellate review.

The second exception applies when the "interests of justice" mandate

review. *Id.* In deciding whether review is in the "interests of justice," we

consider several factors, including "a pro se litigant's effort to comply, the force

and plausibility of the explanation for his failure to comply, and the importance

of the issues raised." *Id.* at 1120. When we consider whether the importance of

the issues raised might trigger this exception, we have said that, "[i]n many

respects, the interests of justice analysis we have developed, which expressly

includes review of a litigant's unobjected-to substantive claims on the merits, is

similar to reviewing for plain error." *Duffield v. Jackson*, 545 F.3d 1234, 1238

---

[2]        After the district court entered judgment, Mr. Ashburn filed a
pleading entitled "Appeal to United District Court from Decision by Magistrate."
This pleading was treated by the district court as the notice of appeal to this court.
Even if we were to construe this as an objection to the magistrate judge's
findings, the firm waiver rule would still apply because Mr. Ashburn's pleading
was filed well beyond the ten day period in which to file an objection. *See* 28
U.S.C. § 636(b)(1).

(10th Cir. 2008) (internal quotation marks omitted).  To show plain error, Mr. Ashburn would have to show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

Mr. Ashburn offers no explanation for his failure to object to the magistrate judge's report.  Having carefully considered the record, we conclude that Mr. Ashburn has not satisfied the "interests of justice" exception.

## III.  Conclusion

Accordingly, for the foregoing reasons, we **DENY** Mr. Ashburn's request for a COA and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge