FILED

United States Court of Appeals
Tenth Circuit

**February 9, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MATTHEW K. ENDRIS,

      Plaintiff-Appellant,

v.

SHERIDAN COUNTY POLICE
DEPARTMENT; J. HILL, Sheridan
Police Officer; K. LAMB, Sheridan
Police Officer; J. ARZY, Sheridan
Police Officer; HAYDEN HEAPHY,
Sheridan Circuit Court Magistrate, in
both their individual and official
capacities,

      Defendants-Appellees.

No. 10-8052
(D.C. No. 2:09-CV-00027-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

---

      Matthew K. Endris, proceeding pro se here as in the district court, appeals

the district court's order dismissing his civil rights complaint. Because

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Endris filed his notice of appeal out of time, we do not have subject-matter jurisdiction and must dismiss the appeal.

This court does not have jurisdiction over an untimely appeal. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004). The appellant's pro se status does not affect this rule. *See Mayfield v. U.S. Parole Comm'n*, 647 F.2d 1053, 1054-55 (10th Cir. 1981) (per curiam) (dismissing pro se appeal filed three days late). The deadline for Mr. Endris's notice of appeal was June 9, 2010, thirty days after the district court's May 10, 2010, order denying his postjudgment motion. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A).[1] But the notice was not filed until June 11, 2010.

An inmate confined in an institution, such as Mr. Endris, may be entitled to the benefit of the prison-mailbox rule, which provides that a notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). Mr. Endris is the party seeking to invoke jurisdiction, so he bears the burden of establishing appellate subject-matter jurisdiction. *Ceballos-Martinez*, 387 F.3d at 1143. We have required strict compliance with the mailbox rule, a procedural rule related to the strict time limit for filing a notice of appeal, which is jurisdictional. Thus, while

---

[1] The time to file a notice of appeal was tolled while Mr. Endris's postjudgment motion was pending because the motion was filed within 28 days after the March 31, 2010, judgment was entered. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

-2-

strict compliance may facially appear to impose a hardship on the prisoner, "Congress adopted . . . Rule 4(c)(1) knowing full well that it would apply almost exclusively to pro se parties." *Id.* at 1146. Consequently, "in hewing faithfully to the specific requirements of Rule 4(c)(1), we do nothing more than recognize that failure to comply with a jurisdictional mandate deprives this Court of jurisdiction to consider the merits of an appeal." *Id.*

To receive the benefit of the mailbox rule, an inmate confined in an institution must use the institution's "system designed for legal mail" if there is such a system. Fed. R. App. P 4(c)(1). In his certificate of service attached to the notice of appeal, Mr. Endris stated that he mailed the notice to the addresses indicated via first-class mail. The certificate failed to state either that he used the institution's legal-mail system or that there was no legal-mail system at the institution at which he was confined when he mailed his notice of appeal. *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (holding where an institutional legal-mail system is available, "an inmate must establish timely filing under the mailbox rule by . . . alleging and proving that he or she made timely use of the prison's legal mail system"). Therefore, the mailbox rule was not properly invoked, Mr. Endris's notice of appeal was untimely, and this court lacks jurisdiction over the appeal.

That said, it is possible that Mr. Endris could clarify that he complied with Rule 4(c)(1) were we to issue an order to show cause to give him the opportunity.

*See Ceballos-Martinez*, 387 F.3d at 1144 n. 4 (noting attestation complying with Rule 4(c)(1) must be filed before the case is resolved). However, we determine that allowing him to clarify his certificate of service would be an unwarranted burden both on Mr. Endris and the system, because looking at the issues raised on appeal, we find no merit to them in any event.

Mr. Endris contends that the district court erred in refusing to allow him to amend his complaint. But his proposed amended complaint did not address defendants' affirmative defense that he had failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding "failure to exhaust is an affirmative defense under the PLRA"). Furthermore, the proposed federal claims for vindictive motive, unlawful warrant, municipal liability, and supervisory liability were insufficient because the proposed amended complaint did not allege any facts to support these claims, instead offering only conclusory allegations that Mr. Endris believed he could prove one or more possible theories of liability. *See Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1281 (10th Cir. 2007) (holding where proposed amended complaint "makes out no valid new complaint" there is no abuse of discretion in denying leave to amend); *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (stating conclusory allegations insufficient to demonstrate entitlement to amend complaint). Finally,

-4-

any state-law claims for assault and battery or mental and emotional injury[2] were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir.) (stating federal district court's exercise of pendent jurisdiction over state-law claims is discretionary and exercise of jurisdiction should be declined if all federal claims are dismissed before trial), *cert. denied*, 79 U.S.L.W. 3310, 3429, 3434 (U.S. Jan. 24, 2011) (No. 10-621).

*Conclusion*

Mr. Endris's pending motion for appointment of counsel is DENIED. The district court granted Mr. Endris leave to proceed on appeal in forma pauperis under the PLRA; he is reminded that he remains obligated to pay the full amount of the filing fee. The appeal is DISMISSED for lack of jurisdiction.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2] We express no opinion on whether Mr. Endris's allegations stated a claim under state law or whether he served a timely Notice of Claim, as required by Wyo. Stat. Ann. § 1-39-113(a).