**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANK M. MUNIZ,

    Plaintiff - Appellant,

v.

JIM MOORE, STG Coordinator, sued
in his individual capacity;
UNKNOWN NAMED STG
OFFICERS, sued in their individual
capacities; DONALD A. DORSEY,
Deputy Director of Adult Prisons, sued
in his individual capacity; COLLEEN
MCCARNEY, Central Bureau of
Classification (CBC) Administrator,
sued in her individualcapacity;
LARRY A. PHILLIPS, Caseworker,
sued in his individual capacity; MIKE
A. HEREDIA, Warden, sued in his
individual capacity; BRIAN
JOHNSON, Unit Manager, sued in his
individual capacity; JAMES
THOMAS, Unit
Manager/Classification Appeals
Officer, sued in his individual
capacity,

    Defendants - Appellees.

No. 11-2052
(D.C. No. 1:08-CV-00714-JB-ACT)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Mr. Muniz seeks to appeal from the district court's denial of his Fed. R. Civ. P. 60(b) motion on January 14, 2011.  On March 15, 2011, we issued a jurisdictional show cause order explaining that the notice of appeal was filed on March 3, 2011, subsequent to the February 14, 2011 deadline.  Fed. R. App. P. 4(a)(1)(A).  Mr. Muniz urges us to rely upon his opening brief and application for a certificate of appealability received in this court on February 22, 2011 as: (1) the functional equivalent of (2) a misdirected notice of appeal (3) that should be deemed timely as deposited in a prison legal mail system.  See Fed. R. App. P. 3(c), 4(c)(1), 4(d).  We decline to take the third step.

Rule 4(c)(1) provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Mr. Muniz maintains that he placed the brief in the prison mailbox on February 7, 2011, but that it was not processed until he signed a debit memo on February 16, 2011 because it weighed nine ounces. He maintains that the prison mail system should have mailed the document regardless of the need for more than standard postage. He has provided the prison regulations which provide no indication that legal mail is logged in–a key feature of the legal mail system. N.M. Corr. Dep't, Correspondence Regs., Policy CD151200, § H; see United States v. Gray, 182 F.3d 762, 765 (10th Cir. 1999). Where the prison legal mail system lacks this feature, we have required a declaration or notarized statement. Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005); United States v. Ceballos-Martinez, 387 F.3d 1140, 1144-45 (10th Cir. 2004). That is lacking here, accordingly we

DISMISS the appeal and remind Mr. Muniz of his obligation to make partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge