**UNITED STATES COURT OF APPEALS**

**July 13, 2012**

**TENTH CIRCUIT**

MICHAEL JAMES CHIPMAN,

        Plaintiff - Appellant,

v.

NANCY WHITE; BARRY JOHNSON;
JOANN STOCK; ALL EMPLOYEES
OR CONTRACTORS OF STERLING
CORRECTIONS [sic] FACILITY,

        Defendants - Appellees.

No. 11-1543
(D.C. No. 1:10-CV-01679-MSK-BNB)
(D. Colorado)

**ORDER**[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Michael Chipman, a Colorado state inmate proceeding pro se, brought

claims under 42 U.S.C. § 1983 against three defendants based on their alleged

failure to provide him proper medical care and to comply with rules for making

prison housing assignments. He seeks to appeal the district court's order granting

the defendants' motions for summary judgment and to strike his second amended

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

complaint. The defendants have moved to dismiss the appeal on the ground that the notice of appeal was untimely. We agree and dismiss the appeal.

"In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted). The party invoking appellate jurisdiction has the burden of establishing it. *See United States v. Ceballos-Martinez*, 371 F.3d 713, 715 (10th Cir. 2004).

The judgment against Mr. Chipman was entered on October 19, 2011. His notice of appeal, however, was not filed until December 2, well after the 30-day deadline. He submits two reasons why we should nevertheless consider his appeal. Neither is persuasive.

First, Mr. Chipman states that we should grant him an extension of time to file his notice of appeal because limits on his access to the law library, copying services, and postal services kept him from timely filing his notice. But only the district court may grant such an extension. *See* Fed. R. App. P. 26(b)(1) ("[T]he court may not extend the time to file . . . a notice of appeal (except as authorized

in Rule 4).”); *id.* 4(a)(5)(A) (“The *district court* may extend the time to file a notice of appeal . . . .” (emphasis added)); 16A Charles A. Wright et al., Federal Practice and Procedure § 3950.3 (4th ed. 2008) (“Rule 4(a)(5) governs extensions of the time to appeal in civil cases.  It places the power to extend the appeal time in the hands of the district judge; Rule 26(b) forbids the courts of appeals from doing so.” (footnote omitted)).  And the deadline for filing a district-court motion for an extension of time has passed.  *See* Fed. R. App. P. 4(a)(5)(A)(i) (motion for extension must be filed “no later than 30 days after the time prescribed by this Rule 4(a) expires”).

Second, Mr. Chipman invokes the prison-mailbox rule.  Fed. R. App. P. 4(c)(1) states:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution’s internal mail system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

We have read Rule 4(c)(1) to mean (1) that “[i]f a prison lacks a legal mail system, a prisoner *must* submit a declaration or notarized statement setting forth the notice’s date of deposit with prison officials and attest that first-class postage was pre-paid,” *Ceballos-Martinez*, 371 F.3d at 717; and (2) that when a prison has a satisfactory legal mail system, the inmate is not required to submit a declaration

or notarized statement and instead may satisfy the requirements of Rule 4(c) by "alleging and proving that he or she made timely use of" that system, *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005). Although "the text of the rule does not require the prisoner to [show compliance with Rule 4(c)(1)] at any particular time, at the very least, the prisoner must file it before we resolve his case." *Ceballos-Martinez*, 371 F.3d at 716 n.4.

Mr. Chipman's opening brief asserts that "both the Notice to be filed with the Clerk and the notification of opposing counsel were signed over to the Sterling Prison Legal Mail system on the afternoon of [November] 18th, which the records show." Aplt. Br. at 3(d). But he has attached no records to his brief and cites to none. He has thus neither proved that he made timely use of a satisfactory legal mail system nor submitted a qualifying declaration or notarized statement.

We GRANT defendants' motion and DISMISS this appeal for lack of jurisdiction.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-