**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVIS EDDIE WILSON,

      Petitioner - Appellant,

v.

TIM HATCH; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 13-2221
(D.C. No. 1:12-CV-01224-JAP-GBW)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Davis Wilson requests a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

During the early morning of April 14, 2002, Kelly Knoll was brutally beaten,

lifted into the bed of his pickup truck, driven to a different location, and shot five times.

In connection with that incident, Davis Wilson and Jarrell Frazier were found guilty of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

felony murder, kidnapping (victim not freed in a safe place and/or great bodily harm inflicted), conspiracy to commit kidnapping, aggravated battery (great bodily harm), conspiracy to commit aggravated battery, tampering with evidence, and conspiracy to commit tampering with evidence.

On direct appeal, the New Mexico Supreme Court vacated Wilson's conviction for kidnapping, concluding it was subsumed into the felony murder conviction. The remainder of Wilson's convictions were affirmed and he was subsequently resentenced to life imprisonment. His state habeas case was summarily dismissed by the district court, and certiorari was denied by the New Mexico Supreme Court.

Wilson petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A magistrate judge ordered an answer from the New Mexico Attorney General. After Wilson voluntarily dismissed several claims the court determined were unexhausted, the magistrate judge filed a detailed "Proposed Findings and Recommended Disposition" ("PFRD"). Wilson objected to the PFRD. On November 7, 2013, the district court overruled Wilson's objections, adopted the PFRD, and dismissed Wilson's petition with prejudice. Wilson filed a notice of appeal.[1]

---

[1] This court issued an order requiring Wilson to provide written proof that he had complied with Fed. R. App. P. 4(c)(1) because his notice of appeal was docketed as filed more than thirty days after the district court's entry of judgment. "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004) (quotation omitted). Because Wilson is incarcerated, his notice of appeal was "timely if it [was] deposited in the

Continued . . .

## II

To appeal the district court's denial of § 2254 relief, Wilson must obtain a COA. 28 U.S.C. § 2253(c)(1)(A).  We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Wilson contends a COA should issue on several grounds:  (1) ineffective assistance of trial counsel, including failure to (a) challenge the racial composition of the jury; (b) interview and procure lay and expert witnesses; (c) interview state witnesses; (d) challenge the district court's jurisdiction; and (e) allow Wilson to testify; as well as cumulative error resulting from trial counsel's deficiencies; (2) ineffective assistance of appellate counsel because his attorney (a) failed to perfect his appeal, although it was later reinstated; (b) allegedly had a conflict of interest; and (c) allegedly refused to allow another attorney to handle the appeal; (3) the trial judge should have been recused because he was arrested for possession of cocaine shortly after the trial and was biased

---

institution's internal mail system on or before the last day for filing."  Fed. R. App. P. 4(c)(1).  In response to this court's order, Wilson submitted a declaration "under penalty of perjury" that he deposited a copy of the notice of appeal in the prison mailbox before the filing deadline, with first class postage pre-paid.  See id. (inmate may demonstrate timely filing of notice of appeal "by a declaration in compliance with 28 U.S.C. § 1746"). We thus conclude that Wilson has shown substantial compliance with the prison mailbox rule and proceed to determine whether a COA should issue.  See Ceballos-Martinez, 387 F.3d at 1143 (noting that a declaration comporting with Rule 4(c)(1) may be filed subsequent to filing notice of appeal).

against the defendants; (4) the judge who presided over the preliminary hearing should not have been allowed to do so; and (5) the trial judge should have granted Wilson's motion for a directed verdict because there was insufficient evidence to support his conviction.

The district court thoroughly addressed Wilson's claims and denied his § 2254 petition. Construing Wilson's pro se pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), we have carefully reviewed the district court's order, petitioner's brief, and the appellate record. We conclude, for substantially the same reasons stated by the district court, that Wilson has not shown that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (quotations omitted).

### III

For the foregoing reasons, Wilson's request for a COA is **DENIED** and this appeal is **DISMISSED**. Wilson's motion to proceed in forma pauperis on appeal is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 4 -