FILED
United States Court of Appeals
Tenth Circuit

October 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BYRON TYROME TODD,

     Plaintiff - Appellant,

v.

USA, in corporate capacity; U.S.
PERSON(S), named herein as John Does in
corporate capacity; THE WORLD BANK,
capacity as USA Alter Ego,

     Defendants - Appellees.

No. 15-1249
(D.C. No. 1:15-CV-00344-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MORITZ**, Circuit Judges.
_____

Byron Tyrome Todd, a Colorado state prisoner, appeals pro se from the district

court's order dismissing his second amended complaint without prejudice for failure

to comply with Fed. R. Civ. P. 8(a)(2). Todd also requests leave to proceed in forma

---

[*] After examining Todd's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value. *See*
Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

pauperis (IFP) on appeal. We grant Todd's motion to proceed IFP, but we affirm the district court's dismissal of Todd's complaint.[1]

We review a district court's dismissal of a complaint under Rule 8(a) for abuse of discretion. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010).

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." Todd's pro se status doesn't relieve him of the duty to comply with the rules of civil procedure. *See United States v. Ceballos–Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004). And while we construe a pro se litigant's pleadings liberally, holding such pleadings to a less stringent standard than pleadings drafted by lawyers, we don't assume an advocacy role for the pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After reviewing the appeal record, we conclude the district court didn't abuse its discretion in dismissing Todd's second amended complaint. In three separate orders, the magistrate judge informed Todd of deficiencies in his pleadings and explained to him how to cure those deficiencies. Yet Todd entirely failed to do so, ultimately filing a second amended complaint which the district court described as

---

[1] We ordinarily lack jurisdiction to review the dismissal of a complaint without prejudice. But we have jurisdiction here because the district court dismissed the entire action, not just the complaint. *See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 n. 15 (10th Cir. 2008) (holding that the dismissal of a complaint ordinarily is a non-final, nonappealable order since amendment generally is available, while dismissal of the entire action ordinarily is final).

2

follows: "[T]he second amended complaint recites an array of statutory and common-law causes of action with little, if any, connection to the factual allegations. The allegations themselves are fanciful and delusional. Indeed, the factual allegations themselves are so confusing and disjointed so as to render the legal claims incomprehensible." District Court Order, ECF No. 16, at 3.

We fully agree with the district court's summary of the second amended complaint and with the court's conclusion that even a liberal construction doesn't bring the amended complaint within the ambit of Rule 8(a)(2). We thus affirm the district court's dismissal of Todd's second amended complaint. However, we grant Todd's motion to proceed IFP and remind him of his obligation to continue making payments until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Nancy L. Moritz
Circuit Judge