**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE LUIS RODRIGUEZ-RIVERA,

    Defendant-Appellant.

No. 09-3312
(D.C. Nos. 08-CV-2547-CM and 2:04-CR-20091-CM)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Jose Luis Rodriguez-Rivera, a federal prisoner proceeding pro se, seeks a Certificate of Appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 petition. With jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we **DENY** his application for a COA and **DISMISS** his appeal.

---

[*]   This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

# I. BACKGROUND

The facts leading to the present appeal are straightforward and undisputed. Police searched the vehicle of Daniel Romero Martinez and discovered several kilograms of cocaine. Mr. Martinez stated that the drugs were bound for Mr. Rodriguez-Rivera. Police then went to Mr. Rodriguez-Rivera's house, obtained permission from his wife to search it, and discovered additional cocaine.

A grand jury charged Mr. Rodriguez-Rivera and Mr. Martinez with conspiracy and drug offenses. Mr. Rodriguez-Rivera pleaded guilty to one count of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and 18 U.S.C. § 2, and was sentenced to a term of 235 months in prison. We rejected his challenges to the plea agreement on direct appeal, *see United States v. Rodriguez-Rivera*, 518 F.3d 1208 (10th Cir. 2008).

Mr. Rodriguez-Rivera then filed with the district court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, contending he had received ineffective assistance from his trial and appellate attorneys. Mr. Rodriguez-Rivera made three arguments. First, he pointed out that Mr. Martinez (his alleged coconspirator) had filed a successful motion to suppress the cocaine discovered in his vehicle; Mr. Rodriguez-Rivera alleged that his attorney should likewise have moved to suppress that drug evidence. Second, Mr. Rodriguez-Rivera contended that his attorney should have filed a motion to suppress the cocaine discovered during the search of the house. Third, Mr. Rodriguez-Rivera

claimed that his appellate counsel should have sought to withdraw his plea agreement because of trial counsel's failure to file the suppression motions. The district court rejected all three arguments and denied the petition. Mr. Rodriguez-Rivera then filed a notice of appeal and sought a COA from the district court. The district court denied a COA. Mr. Rodriguez-Rivera now renews his request for a COA in this court.

## II. DISCUSSION

### A.     Mr. Rodriguez-Rivera's notice of appeal was timely filed.

We must first determine whether Mr. Rodriguez-Rivera's appeal is properly before us. "We acquire jurisdiction only on the filing of a timely notice of appeal." *Watkins v. Leyba*, 543 F.3d 624, 626 (10th Cir. 2008); *see also Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation marks omitted)).

A party who seeks to appeal against the United States must file notice "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). When an appellant is confined in an institution, as Mr. Rodriguez-Rivera is here, "notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." *Id.* 4(c)(1). To take advantage of this "prison mailbox rule," an incarcerated appellant must demonstrate timely filing "by a declaration in compliance with 28 U.S.C. § 1746

or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id.*

The government contends that we lack jurisdiction to consider this appeal because Mr. Rodriguez-Rivera's filing did not comply with the requirements of Rule 4(c)(1). *See* Aplee.'s Mot. to Dismiss for Lack of Jurisdiction (filed Nov. 9, 2009). The government notes that the district court denied Mr. Rodriguez-Rivera's petition on July 1, 2009, giving him 60 days, or until August 31, 2009, to deposit his notice of appeal in his prison's internal mailing system. *Id.* at 2. Although Mr. Rodriguez-Rivera's notice of appeal was not received by the district court until October 26, 2009, its certificate of service was dated August 28, 2009—meaning that it would be timely if Mr. Rodriguez-Rivera could show that he deposited it with prison authorities on this date. But Mr. Rodriguez-Rivera cannot make this showing, the government contends, because the certificate of service included with his notice of appeal "does not attest to the date on which the documents were actually deposited into the prison's mail system" as required by Rule 4(c)(1). *Id.* at 3. Because of this deficiency, the government urges, Mr. Rodriguez-Rivera may not invoke the prison mailbox rule and his notice of appeal, received on October 26, 2009, must be dismissed as untimely.

We demand strict compliance with the requirements of Rule 4(c)(1), even from pro se litigants. *See, e.g.*, *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145–46 (10th Cir. 2004). Fortunately for us, however, we need not decide

whether the government is correct that Mr. Rodriguez-Rivera's certificate of service is inadequate under Rule 4(c)(1), for his notice of appeal is timely for another reason. As noted above, Rule 4(a)(1)(B) requires an appellant to file a notice of appeal "within 60 days after the judgment or order appealed from is *entered*." Fed. R. App. P. 4(a)(1)(B) (emphasis added). To determine when a district court has "entered" a judgment, Rule 4(a)(7)(A) instructs us to look to Federal Rule of Civil Procedure 58. With certain exceptions not applicable here, Rule 58(a) provides that "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). If the district court does not enter a judgment in a separate document, Civil Rule 58(c)(2)(B) and Appellate Rule 4(a)(7)(A)(ii) indicate "that the judgment is not deemed 'entered' for purposes of triggering the need to file a notice of appeal until 150 days from the date it was entered on that court's docket sheet." *In re Taumoepeau*, 523 F.3d 1213, 1216 (10th Cir. 2008). In such a case, "rather than the normal [60] days, appellants have [210] days from the date the court's decision is entered on the docket to file a timely notice of appeal." *Id.*

"[W]e apply the separate document rule 'mechanically' when doing so is required to preserve a party's opportunity to appeal[.]" *Id.* at 1217 (quoting *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) (per curiam)). In this case, the district court's docket sheet indicates that the district court never entered a separate order denying Mr. Rodriguez-Rivera's § 2255 motion. This means that

-5-

Mr. Rodriguez-Rivera could file a timely notice of appeal up to 210 days after July 1, 2009, the date the district court docketed its seven-page Memorandum and Order denying relief. Thus, even if the government is correct that Mr. Rodriguez-Rivera's certificate of service failed to comply with Appellate Rule 4(c)(1), the district court received his notice of appeal on October 26, 2009, comfortably within 210 days of July 1, 2009. Accordingly, we deny the government's motion to dismiss for lack of jurisdiction.

**B.    Mr. Rodriguez-Rivera is not entitled to a COA on any of his claims.**

Satisfied that Mr. Rodriguez-Rivera's notice of appeal was timely filed, we proceed to his request for a COA. A defendant may not appeal the district court's denial of a § 2255 petition without first obtaining a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We in turn may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Unless we grant a COA, we lack jurisdiction to resolve the merits of a habeas appeal. *Miller-El*, 537 U.S. at 342.

Because Mr. Rodriguez-Rivera's COA application rests on claims of ineffective assistance of counsel, in order to determine if he can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis of his claims in light of the two-part test for ineffective assistance outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show, first, that counsel's performance was deficient—that the "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 687–88. Second, the petitioner must establish prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008), *cert. denied*, 130 S. Ct. 133 (2009). We may review these two components in any order, and need not address both "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

The district court found that Mr. Rodriguez-Rivera could not meet this two-pronged test for any of his three ineffective assistance claims. On appeal he raises the same issues, supported by largely the same arguments rejected by the district court. Because Mr. Rodriguez-Rivera is proceeding pro se, we construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even with this solicitous consideration, however, we conclude that Mr. Rodriguez-Rivera cannot make a substantial showing of the denial of a

constitutional right as to any of the issues he raises, so we cannot issue a COA and we must dismiss his appeal for lack of jurisdiction.

First, Mr. Rodriguez-Rivera alleges that his attorney, Mark Sachse, should have moved to suppress the cocaine found in Mr. Martinez's car. Pointing out that Mr. Martinez succeeded on his own suppression motion, Mr. Rodriguez-Rivera argues that Mr. Sachse wrongly advised him to plead guilty when he, too, could have contested the seizure of the evidence. The district court rejected this claim, concluding that Mr. Rodriguez-Rivera could not meet either prong of *Strickland*. "In a hearing before this court on Rodriguez-Rivera's motion to withdraw his plea of guilty, Sachse correctly observed that Rodriguez-Rivera did not have standing to challenge the vehicle search because he had neither possession nor control of the vehicle." R. at 121 (Dist. Ct. Op., filed July 1, 2009). Thus, Mr. Sachse's advice to plead guilty, and his decision not to file a motion to suppress, were objectively reasonable, reasoned the court. Likewise, the court concluded that, because any attempt to suppress the evidence would have failed, Mr. Rodriguez-Rivera could not have been prejudiced. The district court also pointed to Mr. Sachse's testimony that he advised Mr. Rodriguez-Rivera to plead guilty once it was clear that Mr. Martinez would testify against him. "Under the circumstances," the district court concluded, "Sachse's decision not to file a motion to suppress appears objectively reasonable because he

credibly believed Rodriguez-Rivera would be better-served by pleading guilty rather than risking the likelihood of a loss at trial." *Id.* at 122.

Mr. Rodriguez-Rivera renews this claim on appeal, relying heavily on *McDonald v. United States*, 335 U.S. 451 (1948). In that case—which contained no majority opinion, four concurrences, and a dissent—the Court found that police had violated Mr. McDonald's Fourth Amendment rights by searching his room without a warrant. *Id.* at 456. The Court then suppressed the wrongly seized evidence not only as to Mr. McDonald but also as to his codefendant, a certain Mr. Washington. *Id.* Mr. Rodriguez-Rivera now cites *McDonald* for the proposition that when one defendant succeeds in suppressing evidence, that evidence is also inadmissible against his codefendants, even if they lack independent standing, because such evidence is "prejudicial not only to the defendant who made the motion but to his co-defendant as well." Aplt. Br. at 3a.

Even if Mr. Rodriguez-Rivera's reading of *McDonald* is reasonable, that case cannot provide the succor he seeks. First, *McDonald* is factually distinguishable from the case at hand. Mr. McDonald and Mr. Washington were *tried* together. Mr. Rodriguez-Rivera and Mr. Martinez were only *indicted* together; Mr. Rodriguez-Rivera pleaded guilty and never went to trial. Thus, even if "the denial of McDonald's motion [to suppress] was error that was prejudicial to Washington as well," *McDonald*, 335 U.S. at 456, Mr. Rodriguez-Rivera gives no reason to think that this rationale should be applied outside the

context of a trial.  Indeed, the opposite conclusion seems more natural.  *See, e.g.*, *State of Iowa v. Union Asphalt & Roadoils, Inc.*, 281 F. Supp. 391, 411 (D. Iowa 1968) ("[T]he [*McDonald*] rule is limited to a situation of joint trial."), *aff'd sub nom.*, *Standard Oil Co. v. State of Iowa*, 408 F.2d 1171 (8th Cir. 1969).

More than this, even though the Supreme Court has not expressly overruled *McDonald*, it appears to have limited *McDonald* to its facts.  In *Alderman v. United States*, 394 U.S. 165 (1969), for example, the Court clarified that coconspirators and codefendants are entitled to "no special standing," *id.* at 172, and stated that *McDonald* is "not authority to the contrary," *id.* at 173 n.7.  More recently, in *United States v. Padilla*, 508 U.S. 77, 82 (1993) (per curiam), the Court explicitly rejected a "coconspirator exception" to the Fourth Amendment's standing requirement.  *See also* 3A Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure § 674 (3d ed. 2004) ("Evidence that has been suppressed against one defendant may be used against another defendant whose rights were not violated by the illegal search.").

In this light, Mr. Rodriguez-Rivera cannot establish that reasonable jurists could debate the district court's resolution of his first claim, and we must deny a COA on this issue.

Mr. Rodriguez-Rivera's second allegation of ineffective assistance centers on the cocaine discovered at his house when his wife, Maria Aide Arias-Garcia, gave police consent to search.  Mr. Rodriguez-Rivera contends that "a reasonably

competent[] attorney would have filed a motion to suppress such evidence as 'fruit of the poisonous tree.'" Aplt. Br. at 3f. He also argues that Mr. Sachse should have moved to suppress the evidence because Ms. Garcia's consent to the search was coerced by law-enforcement agents. *Id.* The district court rejected these arguments. First, the district court found that, had Mr. Rodriguez-Rivera moved to suppress this evidence, he would have failed because he lacked standing to invoke the fruit-of-the-poisonous-tree doctrine. R. at 123. Thus, Mr. Sachse's advice to plead guilty was objectively reasonable, and not prejudicial. *Id.* Second, even if Ms. Garcia would now testify that her consent was coerced, the district court found that Mr. Sachse's decision not to challenge the search was reasonable at the time. Mr. Sachse testified that Mr. Rodriguez-Rivera told him that he did not want to challenge the issue of consent because he did not want his wife to testify at trial, and that Ms. Garcia told him that she had in fact consented to the search. *Id.* at 123–24. Mr. Rodriguez-Rivera provides no reason to think that reasonable jurists could debate any of the district court's conclusions. We therefore must deny a COA on this claim.

Finally, Mr. Rodriguez-Rivera argues that he was "severely prejudiced by appellate counsel's failure to raise on appeal" his motion to withdraw his guilty plea "which was entered unknowingly and involuntarily" on account of Mr. Sachse's erroneous advice. Aplt. Br. at 3h, 3i. The district court noted that this argument was "substantively the same" as the two discussed above, and held that

"it fails for the same reasons." R. at 124. Mr. Rodriguez-Rivera presents similar arguments on appeal. We agree with the district court, as would all reasonable jurists, that Mr. Rodriguez-Rivera cannot satisfy either prong of *Strickland* for this claim, so we must deny a COA.

### III. CONCLUSION

Mr. Rodriguez-Rivera cannot make a substantial showing of the denial of a constitutional right arising from any of his claims of ineffective assistance of counsel. Therefore, we **DENY** a COA for each of his three issues and, lacking jurisdiction to proceed further, **DISMISS** his appeal.

Entered for the Court


JEROME A. HOLMES
Circuit Judge