**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARC A. SHOWALTER,

      Petitioner - Appellant,

v.

DAVID McKUNE; ATTORNEY
GENERAL OF KANSAS,

      Respondents - Appellees.

No. 08-3116
(D.C. No. 5:07-CV-3205-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, KELLY,** and **McCONNELL**, Circuit Judges.[**]

---

Petitioner Marc Showalter appeals from the district court's denial of his pro

se habeas petition under 28 U.S.C. § 2254. Mr. Showalter was involved in an

altercation in a bar parking lot and he was convicted of one count of aggravated

battery for punching Gerard Bazan in the face, breaking Mr. Bazan's nose and

cheekbone, and one count of battery for punching Joey Skinner. Kan. Stat. Ann.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

§§ 21-3414(a)(1)(A); 21-3412(a). He was sentenced to 162 months on the aggravated battery count and 6 months on the other, to run concurrently. Sent. Tr. at 17. The Kansas Court of Appeals affirmed the convictions, see State v. Showalter, No. 88,820, 2003 WL 21947538 (Kan. Ct. App. Aug. 8, 2003), and the Kansas Supreme Court denied review. Mr. Showalter then filed a motion for state habeas relief under Kan. Stat. Ann. § 60-1507(a), claiming ineffective assistance of trial and appellate counsel. The trial court denied the motion after an evidentiary hearing, and the Kansas Court of Appeals affirmed. See Showalter v. State, No. 94,883, 2006 WL 3000757 (Kan. Ct. App. Oct. 20, 2006). Mr. Showalter then filed a petition for writ of habeas corpus in the Kansas Supreme Court under Kan. Stat. Ann. § 60-1501, but the Kansas Supreme Court dismissed that petition. See Showalter v. State, No. 07-98564-S (Kan. June 20, 2007).

In his federal habeas petition, Mr. Showalter asserted eleven bases for relief, including, inter alia, that the trial court excluded evidence concerning the presence of a drug in one victim's system, that the prosecutor improperly commented on his failure to testify and on the credibility of witnesses, that the trial court erred in denying his motion to sequester witnesses, and that he received ineffective assistance of counsel. The district court analyzed Mr. Showalter's arguments, and denied the petition. Showalter v. McKune, No. 07-3205-KHV, 2008 WL 833517 (D. Kan. Mar. 27, 2008). The district court did not act on Mr. Showalter's application for a certificate of appealability ("COA"). Therefore, the

-2-

COA is deemed denied.  See 10th Cir. R. 22.1(C).

Mr. Showalter now applies to this court for a COA, asserting that cumulative constitutional errors during trial deprived him of due process and a fair trial.  Mr. Showalter asserts the following constitutional errors: (1) that the trial court denied his right to present a defense by excluding as hearsay his statements to a police officer; (2) that the prosecutor improperly commented on Mr. Showalter's decision not to testify; (3) that the prosecutor improperly commented on the credibility of witnesses; (4) that the trial court improperly gave the jury additional instructions outside the presence of Mr. Showalter; and (5) that the trial court improperly shifted the burden of proof by giving an improper jury instruction on lesser included offenses.

It appears that Mr. Showalter did not file a timely appeal from the district court's denial of his § 2254 petition; while the district court judgment was entered on March 27, 2008, Mr. Showalter did not file notice of appeal with the district court until April 30, 2008—beyond the 30 day limit set forth in Fed. R. App. P. 4(a)(1)(A).  Moreover, while the certificate of service stated that the appeal was mailed on April 25, 2008, it did not include the language required by Fed. R. App. 4(c)(1) to invoke the prison mailbox rule because it did not state that "first-class" postage was prepaid.  See United States v. Ceballos-Martinez, 387 F.3d 1140, 1143-45 (10th Cir. 2004).  However, after we issued an order directing Mr. Showalter to show cause why his appeal should not be dismissed as untimely, Mr.

Showalter filed an amended certificate of mailing with the district court stating that first-class postage was prepaid. By subsequently filing documents that demonstrate compliance with Rule 4(c)(1), Mr. Showalter cured his original failure to comply with Rule 4(c)(1). See Ceballos-Martinez, 387 F.3d at 1145. Therefore, we proceed to consider whether a COA is warranted.

To obtain a COA, Mr. Showalter must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the state court has rejected a claim, a petitioner must establish that the state court's resolution was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2). A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

As to Mr. Showalter's first claim, we do not find the district court's resolution reasonably debatable. The district court evaluated this claim de novo because it had not been reached by the state court of appeals. The state trial court did not deny Mr. Showalter's right to present a defense by excluding as hearsay certain statements Mr. Showalter made to a police officer that he hit Mr. Bazan after Mr. Bazan began choking a friend. See Chambers v. Mississippi, 410 U.S. 284, 300-03 (1973). Although Mr. Showalter argues that the statements were plainly declarations against interest, the statements primarily justified his attack on the victims. As the district court noted, "[i]n every case, a defendant must choose between exercising his right not to testify and presenting his own testimonial evidence," and the evidence that Mr. Showalter sought to present did not have the same reliability as the evidence at issue in Chambers. Showalter, 2008 WL 833517, at *4; see Chambers, 410 U.S. at 300-01; see also Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (hearsay may be excluded consistent with a defendant's right to put on a defense).

As to Mr. Showalter's second claim, we do not find it reasonably debatable that the prosecutor improperly commented on Mr. Showalter's failure to testify. As Mr. Showalter points out, the prosecutor remarked that no witness testified as to Mr. Showalter's subjective belief concerning self-defense. The Kansas Court of Appeals concluded that the comment was not an improper comment on Mr. Showalter's failure to testify, but rather a comment on the lack of evidence

-5-

concerning his intent. It also noted that the jury was properly instructed about a defendant's right not to testify. The district court relied upon <u>United States v. Robinson</u>, 485 U.S. 25, 32 (1988) (prosecutor may respond to defense suggestion), in deferring to the Kansas Court of Appeals conclusion and also concluded that any error was harmless. Mr. Showalter argues that this case is distinguishable from <u>Robinson</u> because defense counsel did nothing to prompt the prosecutor's comment. Regardless, the state court of appeals decision on this issue (which depends upon the characterization of the remark against the record) plainly is not an unreasonable application of federal law—the brief remark did not encourage the jury to infer guilt from the defendant's failure to testify.

As for the third, fourth, and fifth claims on which Mr. Showalter seeks a COA, we have considered his arguments and conclude, for substantially the reasons stated by the district court, that the deference to the state court's rejection of these claims was appropriate. Notwithstanding the existence of one harmless error relating to a written instruction provided to the jury outside the presence of Mr. Showalter, <u>see</u> <u>United States v. Washita Constr. Co.</u>, 789 F.2d 809, 820-21 (10th Cir. 1986), we find that there is no cumulative error. <u>See</u> <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1206-07 (10th Cir 2003).

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge