FILED
United States Court of Appeals
Tenth Circuit

July 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDDIE G. MARTINEZ,

        Plaintiff-Appellant,

v.

DAVID EDMONDSON, Commander;
DANIEL GONZALES, Agent;
CARROLL CAUDILL, Agent;
DANIEL J. VASQUEZ, Agent;
ALLEN D. SANCHEZ, JR., Agent;
ERIC J. JAMESON, Agent; PECOS
VALLEY DRUG TASK FORCE,

        Defendants-Appellees.

No. 09-2258
(D.C. No. 1:08-CV-00830-BB-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, HOLLOWAY,** and **ANDERSON**, Circuit Judges.

---

Eddie G. Martinez appeals the district court's dismissal of his 42 U.S.C.

§ 1983 complaint. We dismiss his appeal for lack of jurisdiction.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Mr. Martinez filed a pro se complaint alleging that defendants violated his right to be free from false arrest, false imprisonment, and unreasonable search and seizure. Defendants and Mr. Martinez both moved for summary judgment. The magistrate judge recommended that defendants' motion be granted, that Mr. Martinez's motion be denied, and that the complaint be dismissed. No objections were filed to the magistrate judge's report and recommendation.

On September 15, 2009, the district court entered an order adopting the magistrate judge's proposed findings and recommended disposition. On that same date, the district court entered final judgment in favor of defendants and dismissed all of Mr. Martinez's claims with prejudice. Mr. Martinez's notice of appeal was docketed in the district court on October 16, 2009, one day beyond the time limit set forth in Fed. R. App. P. 4(a)(1)(A). This court issued a jurisdictional order asking the parties to file memorandum briefs addressing two issues: (1) whether Mr. Martinez's notice of appeal was timely filed; and (2) whether Mr. Martinez's failure to file written objections to the magistrate judge's report and recommendation waived appellate review of both factual and legal issues. In response, Mr. Martinez asserted that his notice of appeal was timely filed under the prison mailbox rule and that his failure to file objections should be excused because he never received the magistrate judge's report and recommendation.

## Discussion

We must first address our jurisdiction. "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (quotation omitted). The appellant bears the burden of establishing our jurisdiction. *See id.* Mr. Martinez may establish that his appeal was timely filed if he can show that he complied with the prison mailbox rule. That rule states:

> If an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must first set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1). In *Ceballos-Martinez*, we held that "[i]f a prison lacks a legal mail system, a prisoner *must* submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." 387 F.3d at 1145. In determining that Mr. Ceballos-Martinez had failed to comply with the prison mailbox rule, we noted that his notice of appeal "fail[ed] to affirm that he pre-paid first-class postage for any of his filings." *Id.*

Here, Mr. Martinez submitted a certificate of service with a notarized statement indicating that he deposited his notice of appeal in the mail on

October 15, 2009, but the statement fails to attest that first-class postage was prepaid. Consistent with our precedent, we conclude that Mr. Martinez's notice of appeal does not comply with the prison mailbox rule, and that we therefore lack jurisdiction over his appeal. *See id*. at 1145; *see also United States v. Smith*, 182 F.3d 733, 735 n.1 (10th Cir. 1999) (refusing to grant a pro se prisoner the benefit of the prison mailbox rule because his filing "did not, as required, 'state that first-class postage has been prepaid.'" (quoting Fed. R. App. 4(c)(1)). We note that Mr. Martinez could have remedied this jurisdictional defect if he had subsequently filed a declaration or notarized statement that complied with the prison mailbox rule. *See Ceballos-Martinez*, 387 F.3d at 1144 n.4 (noting that the rule does not require that the prisoner file his attestation at any particular time and "[t]hus, to avoid dismissal of their appeals, *we strongly encourage* all prisoners to include with their notices of appeal a declaration or notarized statement in compliance with Rule 4(c)(1)."); *see*, *e.g.*, *Showalter v. McKune*, 299 F. App'x 827, 829 (10th Cir. 2008) (unpublished) (noting that in response to jurisdictional show cause order appellant "filed an amended certificate of mailing with the district court stating that first-class postage was prepaid" and that "[b]y subsequently filing documents that demonstrate compliance with Rule 4(c)(1), [appellant] cured his original failure to comply with Rule 4(c)(1).").

Because the notarized statement on Mr. Martinez's certificate of service fails to attest that he pre-paid first class postage and he has not subsequently filed

a declaration or notarized statement that complies with Rule 4(c)(1), we must

DISMISS this appeal for lack of jurisdiction.[1]  Appellant's motion to proceed in

forma pauperis is GRANTED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[1]   Because we are dismissing this appeal for lack of jurisdiction, we need not reach the question of whether Mr. Martinez waived appellate review by failing to file objections to the magistrate judge's report and recommendation.  Likewise, we need not address the merits of Mr. Martinez's appeal.