FILED
United States Court of Appeals
Tenth Circuit

December 11, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GERARDO THOMAS GARZA,

    Plaintiff - Appellant,

v.

TROY BURNETT,

    Defendant - Appellee.

No. 10-4121
(D.C. No. 1:06-CV-00134-DAK)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

This case is before us again following the Utah Supreme Court's answer to our certification of a dispositive issue of state law. Gerardo Thomas Garza appealed the district court's grant of summary judgment in favor of defendant Troy Burnett on Garza's 42 U.S.C. § 1983 claim. We **REVERSE** the grant of summary judgment and **REMAND** for further proceedings.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

At the time Garza filed his civil rights complaint against Burnett, our circuit precedent interpreted Heck v. Humphrey, 512 U.S. 477 (1994), as barring a § 1983 suit if judgment for the plaintiff would undermine either an extant or anticipated criminal conviction. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). The Supreme Court, however, overturned this precedent in Wallace v. Kato, 549 U.S. 384 (2007), holding that the "Heck bar" and accompanying rule of deferred accrual do not apply to anticipated convictions. Id. at 390. Garza's complaint was filed within the limitations period if his claim accrued upon the reversal of his conviction, which was the accrual date under our previous precedent, but not if it accrued at the time of the constitutional violation, pursuant to Wallace. See Garza v. Burnett, 672 F.3d 1217, 1218-20 (10th Cir. 2012). Thus, although Garza's complaint "was timely on the day that it was submitted, Wallace transformed Garza's complaint into an untimely one." Id. at 1221. The district court granted summary judgment to Burnett, concluding that Garza was not entitled to equitable tolling under Utah law. Garza v. Burnett, No. 1:06-CV-134, 2010 WL 1212084, at *5 (D. Utah Mar. 23, 2010) (unpublished). Garza appealed.

We have jurisdiction over Garza's appeal pursuant to 28 U.S.C. § 1291.[1] We

---

[1] On July 30, 2010, Burnett moved to dismiss the appeal for lack of jurisdiction because Garza's notice of appeal failed to attest that he pre-paid first-class postage. See United States v. Ceballos-Martinez, 387 F.3d 1140, 1143-45 (10th Cir. 2004) (requiring a declaration or notarized statement attesting that first-class postage was pre-paid, but stating that "the rule does not require the prisoner to file this attestation at any particular time"). Subsequently, Garza filed a motion to amend his Certificate of Service. We **GRANT** Garza's motion, which cures any jurisdictional concerns. See Showalter v.

Continued . . .

review a district court's decision on equitable tolling for an abuse of discretion. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003). The "sole issue on appeal is the timeliness of Garza's complaint," Garza, 672 F.3d at 1219, and the question of timeliness depends on a novel issue of equitable tolling controlled by state law, id. at 1220-21. Thus, we certified the following question to the Utah Supreme Court:

> Under Tenth Circuit decisions at the time Gerardo Thomas Garza filed his complaint, approximately two years remained in limitations period. A Supreme Court decision soon after filing, however, overturned those decisions and rendered his complaint approximately ten months late. Under Utah law, does an intervening change in controlling circuit law merit equitable tolling under these circumstances?

Id. at 1222.

On November 1, 2013, the Utah Supreme Court answered in the affirmative. It held that:

> when a change in controlling law extinguishes an individual's cause of action, equity will toll the statute of limitations to afford the plaintiff a reasonable period of time after the change in law to bring his claim. Indeed, this is precisely the type of circumstance that merits equitable tolling. Accordingly, a plaintiff that files timely before the change in law renders the claim untimely will uniformly satisfy this reasonable period of time. As such, Mr. Garza is entitled to equitable tolling because his claim was timely under Tenth Circuit precedent as it existed at the time of filing but was rendered untimely retroactively by the intervening change in law effectuated by the Supreme Court's Wallace decision.

Garza v. Burnett, No. 20120180, 2013 WL 5864480, at *4 (Utah Nov. 1, 2013) (to be

---

McKune, 299 F. App'x 827, 829 (10th Cir. 2008) (unpublished); Ceballos-Martinez, 387 F.3d at 1144 n.4. We therefore **DENY** Burnett's motion to dismiss, noting that he has already waived the relevant arguments.

published in P.3d).  Pursuant to the Utah Supreme Court's response to the certified question, Garza is entitled to equitable tolling and the judgment of the United States District Court for the District of Utah is hereby **REVERSED**.  The case is **REMANDED** for further proceedings consistent with this order and judgment and the newly stated Utah law.


Entered for the Court


Carlos F. Lucero
Circuit Judge