FILED
United States Court of Appeals
Tenth Circuit

April 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEITH ELMO DAVIS,

     Petitioner-Appellant,

v.

JUSTIN JONES, Director, Oklahoma
Department of Corrections,

     Respondent-Appellee.

No. 10-7093

(D.C. No. 6:08-CV-00235-JHP-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

Keith Davis, a pro se prisoner incarcerated at the Lawton Correctional Facility
(LCF) in Oklahoma, seeks a certificate of appealability (COA) in order to challenge the
district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.
Although Davis has not filed a formal application for a COA, his notice of appeal is
treated as a request for a COA. Fed. R. App. P. 22(b)(2). Because Davis's notice of
appeal and request for a COA were not timely filed, we lack jurisdiction and we dismiss
this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

I

In February 2005, Davis was convicted in Oklahoma state court of (1) forcible

sodomy in violation of 21 O.S. Supp. 2002, § 888 and (2) lewd or indecent proposal to a

child under sixteen, in violation of 21 O.S. Supp. 2002, § 1123(A)(1). Davis was

sentenced to consecutive sentences of twenty and fifteen years' imprisonment for the two

convictions. Davis appealed his convictions, arguing that the state trial court violated his

Fifth Amendment double jeopardy rights when it granted his motion for a mistrial, but

permitted the prosecution to bring the same charges against him under an amended

information. ROA Vol. 1, at 98. The Oklahoma Court of Criminal Appeals affirmed the

trial court in December 2006.

In January 2007, Davis filed a motion for post-conviction relief, arguing that he

received ineffective assistance from his trial counsel and that his sentences violated his

Fifth Amendment rights. The trial court denied Davis's motion in May 2007. In

December 2007, Davis filed an "Amended/Supplemental Application for Post Conviction

Relief." The trial court treated the motion as a second application for post-conviction

relief and denied the motion in January 2008. Davis then appealed to the Oklahoma

Court of Criminal Appeals, which affirmed the trial court in April 2008. In June 2008,

Davis filed his § 2254 habeas petition in federal district court.[1] The district court denied

---

[1] Although we ultimately lack jurisdiction because Davis did not timely file his
notice of appeal, we also note that his § 2254 petition may also have been untimely.

(continued...)

the petition on the merits and entered judgment on October 20, 2010. Davis filed a notice

of appeal with this court on November 22, 2010.

## II

"A timely notice of appeal is both mandatory and jurisdictional." Allender v.

Raytheon Aircraft Co., 439 F.3d 1236, 1239 (10th Cir. 2006) (quotation omitted). An

untimely notice of appeal deprives this court of jurisdiction to consider the appeal.

Bowles v. Russell, 551 U.S. 205, 213-15 (2007). A timely notice of appeal must be filed

within thirty days after entry of final judgment. Fed. R. App. P. 4(a)(1)(A). Pro se

parties are required to comply with this requirement. Kay v. Bemis, 500 F.3d 1214, 1218

(10th Cir. 2007).

Because Davis's notice of appeal was filed more than thirty days from the date the

district court entered final judgment, we ordered Davis to show cause as to why his

appeal should not be dismissed for lack of jurisdiction. In response to our order, Davis

---

[1](...continued)
Under 28 U.S.C. § 2244(d)(1), a state inmate has one year from the date his or her judgment of conviction becomes final to file a § 2254 petition for habeas relief. Although the statute of limitations is tolled while a defendant seeks post-conviction relief in state court, that tolling period only applies to "properly filed application[s]" for post-conviction relief. 28 U.S.C. § 2244(d)(2). A motion for post-conviction relief is properly filed under § 2244(d)(2) when it complies with state filing requirements. Habteselassie v. Novak, 209 F.3d 1208, 1210 (10th Cir. 2000). It appears that Davis's "Amended" motion for post-conviction relief was not properly filed because Davis asserted claims in the amended motion that he could have brought in his initial motion. See Smith v. State, 878 P.2d 375, 377 (Ok. Ct. Crim. App. 1994) (A defendant may only bring an amended motion for post-conviction relief if there is "sufficient reason" for his failure to raise the claims at issue in the initial motion for post-conviction relief.). Since Davis's amended motion likely did not toll the statute of limitations, his § 2254 petition appears to be untimely.

3

argued that his notice of appeal was timely under the mailbox rule. The mailbox rule states that an inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)). "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." Id. (citing United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004)). In order to establish timely filing, an inmate must either (1) prove that he made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal mail system is not available, prove timely use of the prison's regular mail system by submitting a notarized statement or a declaration under penalty of perjury indicating the date on which the document was given to prison officials for mailing. Id. (citing Ceballos-Martinez, 387 F.3d at 1144-45).

Davis argues that his notice of appeal was timely because he "delivered the notice . . . to prison officials for mailing by placing it in the out-going prison legal mailbox" on November 18, 2010. Aplt. Ans. to Show Cause Order at 1. In support of this assertion, Davis submits a sign-in log from the LCF law library indicating that on November 18 he signed into the library at 3:00 p.m. and signed out at 5:10 p.m. Id. at 5. Davis claims this sign-in sheet indicates that he mailed the notice of appeal through the prison legal mailing system on November 18 because the prison legal mailbox is located inside the law library.

4

We conclude that Davis does not qualify for the mailbox rule because the fact that he was in the law library on November 18 does not prove that he used the prison legal mailing system that day to mail his notice of appeal. Inmates are required to use the prison legal mailing system when available because that system's procedures, "by which mail is logged in at the time and date it is received, provide a 'bright line rule' for determining the date of a pro se prisoner's 'filing.'" United States v. Gray, 182 F.3d 762, 765 (10th Cir. 1999) (quoting United States v. Leonard, 182 F.3d 762, 765 (10th Cir. 1999)). Because Davis has not provided documentation indicating the date and time he sent the notice of appeal through the prison legal mailing system, he has not proven that he mailed the notice in accordance with the requirements of the mailbox rule. Thus, left with nothing more than Davis's assertion that he mailed the notice on November 18, we conclude that Davis has not carried his burden of showing proper usage of the prison legal mailing system.

Moreover, even if LCF does not have a legal mailing system (which Davis claims it does), Davis would still fail to qualify for the mailbox rule. This is because his notice of appeal does not contain a notarized statement or a declaration under penalty of perjury indicating that he gave the notice to prison officials for mailing on November 18. The notice of appeal contains only Davis's signature, which is insufficient under the mailbox rule. Thus, even if Davis could have used the regular mail system to send the notice of appeal, he has still failed to comply with the mailbox rule under the standard set forth in Price v. Philpot, 420 F.3d at 1165. Because Davis has failed comply with this rule, we

5

must treat his notice of appeal as filed on November 22, 2010. The notice of appeal, and the COA implicitly sought by its filing, are untimely under Rule 4(a) of the Federal Rules of Appellate Procedure.

III

Davis's request for a COA is DENIED as untimely, and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge