FILED
United States Court of Appeals
Tenth Circuit

July 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARCUS DeSHAWN MITCHELL,

Petitioner-Appellant,

v.

ANGEL MEDINA; JOHN SUTHERS,
the Attorney General of the State of
Colorado,

Respondents-Appellees.

No. 12-1217
(D.C. No. 1:12-CV-00251-LTB)
(D. Colo.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Marcus DeShawn Mitchell, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his 28

U.S.C. § 2254 petition for federal habeas relief.  We grant his request to proceed in forma

pauperis on appeal.  But because Mitchell has failed to satisfy the standards for the

issuance of a COA, we deny that request and dismiss the matter.

**I**

In August 1999, an Arapahoe County, Colorado, jury found Mitchell guilty on

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

charges of first-degree murder, attempted second-degree murder, and first-degree assault. The court sentenced him to life in prison. On direct appeal, the Colorado Court of Appeals affirmed Mitchell's conviction and sentence. Mitchell sought certiorari review in the Colorado Supreme Court, but the court denied his petition.

Mitchell filed a postconviction motion in the state district court alleging ineffective assistance of counsel. The district court denied relief, and the Colorado Court of Appeals affirmed. The Colorado Supreme Court denied certiorari. Mitchell then filed a second postconviction motion in the state district court. That motion was denied, and the order was affirmed on appeal. The Colorado Supreme Court again denied certiorari.

On January 31, 2012, Mitchell filed a petition for writ of habeas corpus in the United States District Court for the District of Colorado under 28 U.S.C. § 2254. The district court denied his petition, concluding it was time-barred under the one-year statute of limitations for filing a § 2254 petition. The court also denied Mitchell's request for a COA. The court entered judgment on May 4, 2012. Mitchell filed a timely notice of appeal. He now applies for a COA and leave to proceed in forma pauperis in this court.

**II**

**A**

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a

2

substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). When, as here, a district court denies a habeas petition on procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations to file a § 2254 petition. See 28 U.S.C. § 2244(d)(1). The limitations period begins to run as of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). More precisely, "the judgment is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." Locke v. Saffle, 237 F.3d 1269, 1271 (10th Cir. 2001) (quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)) (emphasis deleted); see also Habteselassie v. Novak, 209 F.3d 1208, 1209 (10th Cir. 2000) ("Because [the petitioner] did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after . . . the date the [state court of last resort] denied his petition for certiorari and his state court review was thus completed."). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral

3

review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §
2244(d)(2).

## B

In this case, the district court determined that Mitchell's judgment and conviction became final on January 6, 2003. This date was ninety days after the Colorado Supreme Court denied certiorari review in Mitchell's direct appeal.[1] Thus, the one-year limitations period began to run on January 7, 2003. The period was tolled by the proper filing of Mitchell's first motion for state postconviction relief on June 3, 2003. At that point, 147 days had passed. The postconviction proceeding concluded on May 27, 2008, when the Colorado Supreme Court denied certiorari review. Thus, the limitations period started to run again on May 28, 2008.

Mitchell filed his second motion for postconviction relief on December 4, 2008. By this time, 190 days had passed since his last motion was pending; at this point, the limitations period had run for a cumulative 337 days. This second postconviction proceeding concluded on December 27, 2011, when the Colorado Supreme Court denied review. The limitations period began running again the next day, and it expired 28 days later on January 25, 2012.

The district court received Mitchell's § 2254 petition on January 31, 2012. The court concluded that the petition was not timely because it was received after the

---

[1] The court added an extra day to the filing time because the ninetieth day fell on a Sunday. See ROA at 355.

limitations period had expired. While Mitchell signed the petition within the limitations period on January 24, 2012, the district court concluded that the "prison mailbox rule" did not apply to Mitchell's filing. More specifically, the district court concluded that Mitchell's signature was "insufficient under the mailbox rule" because it did not include "a notarized statement or a declaration under penalty of perjury." ROA at 357. Finally, the district court concluded that Mitchell's petition was not eligible for equitable tolling.

<h2 style="text-align:center">C</h2>

The district court's resolution of Mitchell's petition is not reasonably debatable. Because Mitchell signed his petition within the limitations period but the district court received it after the period had run, the prison mailbox rule potentially applies. The prison mailbox rule states that, when certain conditions are satisfied, an inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005). We have explained that

> an inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

Id. at 1166 (citing United States v. Ceballos-Martinez, 387 F.3d 1140, 1144-45 (10th Cir. 2004)).

Mitchell bears the burden of demonstrating compliance with the mailbox rule, and he has not done so. The prison mailbox rule in this circuit is more demanding than Mitchell would have it. First, he has not demonstrated that he used the prison's legal mail system or lacked access to a satisfactory legal mail system. "[A]n inmate seeking to take advantage of the mailbox rule must use the prison's legal mail tracking system where one is in place." Id. Inmates are required to use the legal mailing system when available because that system's procedures, "by which mail is logged in at the time and date it is received, provide a 'bright line rule' for determining the date of a pro se prisoner's 'filing.'" United States v. Gray, 182 F.3d 762, 765 (10th Cir. 1999). Moreover, even if Mitchell had proven a legal system was not available, his use of regular mail falls short of the rule's requirements. Specifically, he did not include "a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." Price, 420 F.3d at 1166. The certificate of service bearing Mitchell's signature and a date of January 24, 2012 does not satisfy this requirement. Notwithstanding Mitchell's "good faith efforts," Aplt. Br. at v, he has not met the stringent requirements of the prison mailbox rule.

Because the prison mailbox rule does not apply, we deem Mitchell's petition to have been filed on January 31, 2012, which is outside the one-year limitations period. We therefore deny his request for a COA because his § 2254 petition was not timely.[2]

---

[2] Mitchell also argues that we should grant him a COA "based on a New Rule and its retroactive effect." Aplt. Br. at ii. He cites the Supreme Court's recent decision in

(continued...)

**III**

The motion to proceed in forma pauperis on appeal is GRANTED, the application

for COA is DENIED, and this matter is DISMISSED.


                                        Entered for the Court


                                        Mary Beck Briscoe
                                        Chief Judge

---

[2](...continued)
Martinez v. Ryan, 132 S. Ct. 1309 (2012), which holds that where state law requires an ineffective-assistance-of-trial-counsel claim to be raised in an initial collateral proceeding (and not in a direct appeal), a procedural default will not bar a federal habeas court from hearing that claim if, in the collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.  Mitchell does not explain how this narrow holding applies in his case, nor does he explain how this case justifies restarting the limitations period based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).  We construe Mitchell's pro se filings liberally, but we "do not assume the role of advocate." United States v. Viera, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012) (quotation omitted).