**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CESAR PASILLAS-SANCHEZ,

    Petitioner - Appellant,

v.

RICK LIND, Warden, Arkansas Valley
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 16-1244
(D.C. No. 1:15-CV-01617-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Cesar Pasillas-Sanchez, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) so he can appeal the district court's denial of his 28

U.S.C. § 2254 application. We deem his notice of appeal timely under the prison-mailbox

rule, but we deny his request for a COA and dismiss this matter because he hasn't

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we don't assume an advocacy role for pro se litigants. Nor do we relieve them from the duty to comply with procedural rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

demonstrated that reasonable jurists would debate the district court's denial of his habeas application.

## BACKGROUND

A jury convicted Pasillas-Sanchez of second-degree murder, two counts of theft by receiving, three counts of possession of a controlled substance, and three special-offender counts. The trial court sentenced him to 96 years in prison. The Colorado Court of Appeals affirmed his conviction and sentence on direct appeal, and the Colorado Supreme Court denied certiorari. The trial court denied Pasillas-Sanchez's subsequent Colo. R. Crim. P. 35(c) motion for postconviction relief without an evidentiary hearing, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari.

Pasillas-Sanchez then applied for § 2254 habeas relief, asserting 10 claims. The district court dismissed four claims as procedurally defaulted and ordered the respondents to file an answer addressing the six remaining claims. The court considered the Colorado Court of Appeals' treatment of each of those six claims, determined Pasillas-Sanchez wasn't entitled to habeas relief, denied his request for an evidentiary hearing, and denied his habeas application. The court also declined to issue a COA and denied Pasillas-Sanchez leave to proceed on appeal in forma pauperis (IFP).

## DISCUSSION

Pasillas-Sanchez now asks us to issue a COA, *see* 28 U.S.C. § 2253(c)(1)(A), and renews his IFP motion. Before we consider those requests, we must first determine

2

whether Pasillas-Sanchez timely filed his notice of appeal. *See United States v. Ceballos-Martinez*, 371 F.3d 713, 715 (10th Cir. 2004) (noting that a timely filed notice of appeal is a jurisdictional prerequisite).

The district court entered final judgment on April 7, 2015, but granted Pasillas-Sanchez an extension, giving him until June 10, 2016, to file his notice of appeal. We received Pasillas-Sanchez's misdirected notice of appeal on June 13, 2016, and forwarded it to the district court for filing as of that date. *See* Fed. R. App. P. 4(d) (providing procedures for misdirected notices of appeal).

Even though Pasillas-Sanchez filed his notice of appeal three days late, we can deem his notice timely filed if he satisfies the prison-mailbox rule. *See* Fed. R. App. P. 4(c)(1) (stating prison-mailbox rule); *Price v. Philpot*, 420 F.3d 1158, 1163-65 (10th Cir. 2005) (explaining that prisoner's submission is deemed "filed" when it's given to prison authorities for mailing). To benefit from the rule, a prisoner must use the institution's legal mail system if such a system is available, and the prisoner may show he timely deposited his filing in that legal mail system "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Fed. R. Civ. P. 4(c)(1); *see also Price*, 420 F.3d at 1166 (explaining showing required to satisfy rule). We issued an order directing Pasillas-Sanchez to demonstrate his compliance with the rule, and he responded by submitting a declaration, signed under penalty of perjury, stating that he

3

deposited the notice of appeal in the prison's legal mail system on June 8, 2016. Thus, we deem his notice of appeal timely.

Nevertheless, we deny his request for a COA. To obtain a COA, Pasillas-Sanchez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pasillas-Sanchez seeks a COA on two general claims: (1) the state denied him his Sixth Amendment right to counsel of his choice after the trial court disqualified defense counsel because he was a potential witness (Claim One); and (2) the state obtained his convictions in violation of his Sixth Amendment right to counsel because his trial counsel was ineffective for several reasons (Claims Six, Seven, Eight, and Ten).[2]

Because the Colorado Court of Appeals adjudicated these claims on the merits, Pasillas-Sanchez had to demonstrate to the district court that the Court of Appeals' rejection of his claims was contrary to, or an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-

---

[2] Pasillas-Sanchez also asserts that the state court and the district court denied his requests for an evidentiary hearing on the ineffective-assistance-of-counsel claim. But even if the state court misapplied Colorado law in denying his postconviction motion without an evidentiary hearing, that claim isn't cognizable under § 2254. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (noting that even if state court mistakenly construed its own postconviction statute, "the error is one of state law not cognizable in habeas corpus because 'federal habeas corpus relief does not lie for errors of state law'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))). And the district court properly denied his request for an evidentiary hearing after it determined that he wasn't entitled to relief under § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) (noting that an evidentiary hearing isn't required "when the state-court record 'precludes habeas relief' under the limitations of § 2254(d)") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007))).

(2). By design, this is a tough standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Section 2254(d) requires a district court to apply a "highly deferential standard [in] evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). And when a federal court evaluates a state court's ruling applying *Strickland v. Washington*, 466 U.S. 668 (1984), to an ineffective-assistance-of-counsel claim, the standard is "doubly" deferential: the question for the federal court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

Here, the district court carefully considered the state court's rulings on each of Pasillas-Sanchez's claims, giving proper deference to the state court's adjudication of those claims. And because the district court rejected Pasillas-Sanchez's constitutional claims on the merits, we will issue a COA only if Pasillas-Sanchez "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having reviewed Pasillas-Sanchez's combined opening brief and COA application, the appellate record, the Colorado Court of Appeals' decisions, the district court's order denying habeas relief, and the applicable law, we conclude that Pasillas-Sanchez hasn't demonstrated that reasonable jurists could debate the correctness of the

district court's denial of his habeas application. Thus, we deny his request for a COA and

dismiss this matter.[3]

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[3] We also deny Pasillas-Sanchez's IFP motion because his financial affidavit shows that he's able to pay the filing fee. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (noting IFP movant must show, in part, "a financial inability to pay the required filing fees").