**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MITCHELL E. THOMAS,

          Petitioner - Appellant,

v.

JASON BRYANT,

          Respondent - Appellee.

No. 17-5120
(D.C. No. 4:16-CV-00763-GKF-JFJ)
(N.D. Oklahoma)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ,** and **McHUGH**, Circuit Judges.

Petitioner Mitchell Thomas, an Oklahoma state prisoner proceeding pro se,[1]

seeks a certificate of appealability ("COA") to challenge the district court's dismissal

of his habeas petition brought under 28 U.S.C. § 2254. The district court dismissed

Mr. Thomas's petition as untimely under 28 U.S.C. § 2244(d)'s one-year limitations

period. We deny Mr. Thomas's COA request and dismiss the petition.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Thomas is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

# I. BACKGROUND

Mr. Thomas pleaded guilty to one count of sexual abuse of a minor child in Oklahoma state court. On April 2, 2015, he was sentenced to thirty years in prison, with the last five years suspended. He did not seek withdrawal of his plea within ten days of sentencing, nor did he seek direct review of the conviction or sentence with the Oklahoma Court of Criminal Appeals ("OCCA"). On March 16, 2016, almost one year after his conviction, Mr. Thomas filed a petition for state post-conviction relief, asserting fourteen propositions of error to support his petition, including a request for certiorari appeal out of time. The state district court denied his petition, dismissing some of the propositions on procedural grounds and some on the merits. It also denied his request to file an appeal out of time because he failed to show that he was denied a direct appeal through no fault of his own. He appealed and on November 30, 2016, the OCCA affirmed, again denying his petitions for post-conviction relief and for certiorari appeal out of time.

Next, Mr. Thomas filed a notice of intent to appeal the state court order in the United States District Court for the Northern District of Oklahoma on December 12, 2016. The court noted that the "notice of appeal" was not a petition for habeas relief and, on December 30, 2016, mailed Mr. Thomas a blank habeas corpus petition. Mr. Thomas filed the federal habeas petition under 28 U.S.C. § 2254 on January 17, 2017. On October 24, 2017, the district court dismissed his habeas petition, finding it untimely under 28 U.S.C. § 2244(d)(1)(A) and holding that Mr. Thomas had failed to demonstrate he was entitled to equitable tolling of the Antiterrorism and Effective

Death Penalty Act ("AEDPA") one-year limitations period or that he was excused from that limitations period under the actual innocence exception.

Mr. Thomas subsequently filed a notice of appeal from the district court's order dismissing his habeas petition and denying him a COA. He alleges he filed his appeal and mailed it through his correctional institution's facility on November 17, 2017. The notice of appeal, however, was not docketed with the district court until November 30, 2017.

## II. ANALYSIS

AEDPA conditions a state prisoner's right to appeal a denial of habeas relief on the grant of a COA, which is unavailable unless the applicant demonstrates a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A), (c)(2). Where, as here, the district court denies a habeas petition on procedural grounds, we issue a COA only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Mr. Thomas cannot make this showing, and we therefore deny his request.

### A. *The Timing of Mr. Thomas's Petition for COA*

Prior to reviewing the merits of Mr. Thomas's petition for a COA, we must determine whether it was timely. According to the Federal Rules of Appellate Procedure, Mr. Thomas was required to file his appeal seeking a COA within thirty days of the entry of judgment—in this case on or before November 24, 2017, because

3

November 23 was a federal holiday. *See* Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). The district court filed Mr. Thomas's notice of appeal on November 30, 2017.[2] Because Mr. Thomas is currently incarcerated, his notice is timely if it was deposited within his correctional institution's internal mail system on or before the last day for filing and is accompanied by: 1) "a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid;" or 2) "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." *See Id.* 4(c)(1)(A)(i), (ii).

Mr. Thomas's certificate of service is dated November 17, 2017—before the filing deadline—but does not state that first-class postage has been prepaid. The postmark on the envelope is November 28, 2017—after the deadline. But the envelope has affixed to it a valid postage stamp, indicating the postage was, in fact, prepaid. Although Mr. Thomas's declaration complied only partially with the rule by stating the date of deposit, but not that the postage was prepaid, we construe the certificate of service combined with the postage stamp as evidence that the appeal

---

[2] Although Mr. Thomas was required to petition for a COA before his appeal from the merits of the district court's decision could be considered, "a notice of appeal constitutes a request for a certificate of appealability," 10th Cir. R. 22.1(A), and he supplemented his appeal with a combined opening brief and an application for a COA upon prompting from the Clerk of the Tenth Circuit.

4

was timely submitted. *See id.* 4(c)(1)(B).[3] We therefore proceed to the question of whether Mr. Thomas timely filed his federal habeas petition with the district court.

## B. *The Timing of Mr. Thomas's Habeas Petition*

AEDPA provides a one-year limitations period for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides four dates that may commence the limitations period. *Id.* Here, only one date is implicated—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

Mr. Thomas was sentenced on April 2, 2015. He did not seek to withdraw his plea within ten days of sentencing, nor did he seek direct review of his conviction and sentence in the OCCA. Therefore, because April 12 was a Sunday, Mr. Thomas's conviction became final under Oklahoma law on April 13, 2015. *See* Okla. Stat. tit. 22, ch. 18, app., R. 1.5, 2.1(B), 2.5(A), 4.2(A). Mr. Thomas's tolling period began to run on April 14, 2015, and any habeas petition filed after April 14, 2016, is untimely, barring tolling principles or a showing of actual innocence. *See* 28 U.S.C. § 2244(d)(1); *United States v. Hurst*, 322 F.3d 1256, 1261–62 (10th Cir. 2003).

---

[3] We note that we have held that a prisoner who did not submit a certificate of service stating postage was prepaid submitted an untimely appeal. *United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004). *Ceballos-Martinez* is distinguishable from the present case because the prisoner did not submit a certificate of service at all, nor is there any evidence postage was included or prepaid. *Id.* Here, Mr. Thomas signed and dated a certificate of service, and the record includes the envelope, which bears a first-class postage stamp. This is evidence that the appeal of the district court's decision was timely under the prison mailbox rule.

Mr. Thomas filed his habeas petition on January 17, 2017—well after the one-year AEDPA limitations period. Thus, we can consider Mr. Thomas's petition only if it falls within an exception to the limitations period, either through statutory or equitable tolling, or through actual innocence. We now consider each possibility in turn.

**1. Statutory Tolling**

Statutory tolling stops the running of the limitations period during the time in which a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). This applies only to state petitions for post-conviction relief "filed within the one year allowed by AEDPA." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Mr. Thomas's tolling period began to run on April 14, 2015, the day after his conviction became final. Mr. Thomas filed for state post-conviction relief on March 16, 2016, and that application remained pending until November 30, 2016, when his appeal was denied by the OCCA. This accounts for 260 days during which the time to file his habeas petition was tolled. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (counting both the date of the filing of the petition as well as the date of the denial of the appeal toward the tolling period). Adding that 260 days to his original deadline of April 14, 2016, Mr. Thomas had until December 30, 2016, to file his petition under § 2254. Mr. Thomas did not file his application for federal habeas relief until January 17, 2017. Thus, even taking into account the 260 days of statutory tolling to which Mr. Thomas is entitled, he still failed to meet AEDPA's one-year statute of limitations.

**2. Equitable Tolling**

Mr. Thomas did not raise the issue of equitable tolling in the district court. Although he did mention equitable tolling in his appeal to this court, the argument is forfeited because "we adhere to our general rule against considering issues for the first time on appeal." *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

**3. Actual Innocence**

Mr. Thomas also argues he has established "actual innocence" and thus should be excused from AEDPA's statute of limitations. The Supreme Court has recognized narrow circumstances under which "actual innocence" can serve as a gateway through which a petitioner can bypass AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But such claims are "rare" and "appl[y] to a severely confined category [of] cases" because the petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386, 396. Importantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Factual innocence may be proven with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Mr. Thomas did not present any new evidence regarding his factual innocence to the district court. Similarly, his brief to this court argues only that the "district court should consider the in camera evidence," without identifying the specific pieces of that evidence he deems relevant. Appellant's Br. 4. The district court found that the only

7

evidence of innocence produced by Mr. Thomas was a letter from his father, expressing his father's personal feelings that, while he had originally believed his son was guilty, he now believes his son is innocent. This same letter was considered during the state court post-conviction proceedings.

The district court held that the letter was insufficient to meet Mr. Thomas's burden of showing by clear and convincing evidence that no reasonable juror would have found Mr. Thomas guilty beyond a reasonable doubt. In his request for a COA to challenge the district court's denial of his § 2254 petition, Mr. Thomas made no mention of his father's letter and failed to identify any other evidence in support of his factual innocence. We agree with the district court that even if the letter from Mr. Thomas's father were considered "new" evidence, it has little weight given his father's lack of personal knowledge and Mr. Thomas's guilty plea and admission during the plea hearing that he committed the acts necessary to support the conviction. Because jurists of reason would not find it debatable that the district court was correct in ruling that Mr. Thomas has not satisfied the "actual innocence" exception to the statute of limitations, his § 2254 petition is untimely.

### III. CONCLUSION

We DENY Mr. Thomas's request for a COA and DISMISS this appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

8